UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WASLINGTON TILLIE,

               Petitioner,

v.

KEVIN RAYCRAFT,

               Respondent.

_____/

Case No. 1:26-cv-1858

Honorable Robert J. Jonker

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Center located in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.8.) In an order entered on June 22, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondent filed his response on June 25, 2026, (ECF No. 4).[1]

## II.    Factual Background

Petitioner is a native and citizen of Haiti. (Notice to Appear (NTA), ECF No. 4-1, PageID.22). The Department of Homeland Security permitted Petitioner to enter the United States on November 23, 2023,[2] and Petitioner has remained in the United States since that time. (*Id.*).

On November 13, 2025, ICE agents encountered and arrested Petitioner. (2025 Form I-213, ECF No. 4-3, PageID.31). Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[3]

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[1] On June 26, 2026, Respondent filed a status report, indicating that Petitioner was scheduled for a custody redetermination hearing on July 6, 2026. (Status Report, ECF No. 6.). On July 10, 2026, the Court asked the parties to clarify whether Petitioner received that hearing, as scheduled. (ECF No. 8). In response, Respondents indicated that Petitioner "withdrew his bond request," so "a custody redetermination hearing for Petitioner has not taken place." (ECF No. 9, PageID.45). According to Respondents, they have not scheduled another hearing. (*Id.*).

[2] Petitioner was paroled into the United States for a period of two years. (ECF No. 4-1., PageID.22; 2023 Form I-213, ECF No. 4-2, PageID.28). Petitioner's parole therefore expired by its terms on November 23, 2025. *See* 8 C.F.R. § 212.5(e)(1) (providing that parole "automatically terminate[s] without written notice . . . at the expiration of the time for which parole was authorized"). The fact that Petitioner's parole had not yet expired when ICE detained him on November 13, 2025, does not alter that result. So the standard §§ 1225 and 1226 analysis applies here. *See* A*ray Lattinez v. Mullin*, No. 1:26-cv-1072, ECF No. 6, PageID.97 (W.D. Mich. April 20, 2026) (applying §§ 1225 and 1226 analysis where Petitioner's parole expired while the petitioner was detained); *Mujica-Pena v. Raycraft*, No. 1:26-cv-684, ECF No. 10, PageID.149 (W.D. Mich. April 6, 2026) (same).

[3] The Court notes that on June 30, 2026, the Immigration Court ordered that Petitioner be removed from the United States; however, the removal order is not administratively final because Petitioner has until July 30, 2026, to file an appeal with the Board of Immigration Appeals. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "244279229" for the A-Number, select "Haiti" for the Nationality, and select Submit) (last visited July 6, 2026); *see also* U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

### A.  Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[4]

### B.  Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. AMEND. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

---

[4] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States.

3

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts'

determinations the government's detention of the *Lopez-Campos* petitioners "without bond under

§ 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id.* at *13. Petitioner

is likewise detained under § 1226(a) and has been denied an individualized bond hearing.

Therefore, the Court concludes that Petitioner's current detention under the mandatory detention

framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights.

*See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D.

Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8

(W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at

*7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-

1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## V.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein,

the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### CONCLUSION

For the reasons discussed above, the Court will enter a judgment conditionally granting

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[5] The Court will

---

[5] Respondents have acknowledged and applied *Lopez-Campos*'s holding in some cases since May 11, 2026. *See, e.g.*, Resp., *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, ECF No. 3, PageID.12 (W.D. Mich. May 29, 2026) (acknowledging that a petitioner "is entitled to a custody redetermination hearing in immigration court" under *Lopez-Campos* when the petitioner had not presented himself at the border). When Respondents have committed to applying the holding from *Lopez-Campos*, the Court has generally ruled that the petitioner must give the government the opportunity to make good on its commitment, resulting in dismissal without prejudice for failure to exhaust administrative remedies. *See* Op., *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, ECF No. 5, PageID.19 (W.D. Mich. June 2, 2026). Respondents do not, however, appear to believe that *Lopez-Campos*'s holding applies when a petitioner originally presented himself or herself at the border and was subsequently allowed to enter the country. *See* Resp., *Chehaydi v. Raycraft*, No. 1:26-cv-01519, ECF No. 6, PageID.187 (W.D. Mich. May 14, 2026) (stating that the petitioner was not entitled to a custody redetermination hearing when he had presented

order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[6] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Date:   July 21, 2026             /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE

---

himself at the border). Because Respondents have not committed to applying *Lopez-Campos*'s holding to this case—and because they do not seem likely to do so—the Court will not require Petitioner to seek a bond hearing and will instead order Respondents to provide him with one.

[6] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

5